## UNITED STATES v. NICHOLS.
### Crim. No. 720.

United States District Court,
D. Delaware.

Feb. 27, 1951.

Francis A. Reardon, Asst. U. S. Atty., Wilmington, Del., for the United States.

Thomas H. Wingate, of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

It appears defendant is wanted in the United States District Court by our sister state of North Carolina. Defendant had a hearing before the U. S. Commissioner for the District of Delaware. The record-papers before me demonstrate defendant was advised of his constitutional rights and his opportunity to be represented by an attorney if he so desired. At that hearing it appears he identified himself as the defendant. Thereafter, counsel appeared in the District Court on his behalf and petitioned for the Court to hold a hearing under Fed.Rules Crim.Proc. rule 40, 18 U. S.C.A., for the reason that he, the attorney, was informed that defendant had not been instructed of his right to obtain counsel; of his right to have a hearing or to waive a hearing; that defendant should clearly understand he is not required to make a statement or that any statement made by him may be used against him.

I was not convinced defendant should have another hearing, for it appeared to me under Fed.Rules Crim.Proc. rule 40(b)(3), 18 U.S.C.A., he had had a proper hearing before the U. S. Commissioner. However, I granted the additional hearing.

---

1. Cook v. Cook, Sup.Ct.Cal.1941, 17 Cal.2d 639, 111 P.2d 322; Pimentel v. Consel-

ho Supremo, 1936, 6 Cal.2d 182, 57 P.2d 131.

I heard evidence. Defendant, through his counsel, had an opportunity to cross-examine the government's witnesses and to introduce any evidence he desired in his own behalf.

From the evidence adduced before me, I conclude sufficient ground has been shown for ordering the removal of the defendant, and a warrant of removal should issue to the District where prosecution is now pending against this defendant. I direct that all the papers in this proceeding, as well as the record of the hearing which was had, be transmitted to the Clerk of the District Court in which prosecution is now pending.